IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERNEST JOSEPH BISSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 6:95-cr-60087-MC

OPINION AND ORDER

**MCSHANE, Judge:**

Petitioner, *pro se*, filed this petition for writ of mandamus, ECF No. 66, on September 3, 2015. Petitioner broadly challenges the constitutionality of 18 U.S.C. §§ 922(g)(1)[1] and 924(e)[2] and seeks twenty million dollars in damages. *See* Pet Writ of Mandamus 1–31, ECF No. 66. Petitioner, who was originally sentenced to 189 months' imprisonment under 18 U.S.C. §§

---

[1] 18 U.S.C. § 922(g) provides in relevant part:

> (g) It shall be unlawful for any person—
>
> > (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> > to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

[2] 18 U.S.C. § 924(e) provides in relevant part:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . four a violent felony or a serious druge offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

1 – OPINION AND ORDER

922(g)(1) and 924(e) on November 22, 1995, was subsequently sentenced to 12 months' imprisonment for supervised release violation on September 8, 2015. Petitioner's filing is construed as a challenge to the constitutionality of his recent revocation of supervised release. *See* Judgment 1–2, Sept. 8, 2015, ECF No. 68.

This Court's authority to issue a writ of mandamus is generally limited to existing statutory jurisdiction provided under the Mandamus Act, 28 U.S.C. § 1361, and the All Writs Act, 28 U.S.C. § 1651. *See, e.g., Petrowski v. Nutt*, 161 F.2d 938, 938–39 (9th Cir. 1947). A writ of mandamus under 28 U.S.C. §§ 1361 and 1651 is an extraordinary remedy. *See Cheney v. United States Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (citation omitted); *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003). For mandamus relief under 28 U.S.C. § 1361, three elements must be satisfied: (1) the petitioner's claim must be clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Johnson*, 349 F.3d at 1154 (citation omitted). For mandamus relief (writs of *coram nobis* and *audita querela*) under 28 U.S.C. § 1651, an individual must demonstrate that a challenge to his or her criminal conviction is not cognizable under 28 U.S.C. § 2255. *See United States v. Crowell*, 374 F.3d 790, 794–95 (9th Cir. 2004). Because petitioner's constitutional challenge to his criminal sentence is cognizable under 28 U.S.C. § 2255, he has not shown that a writ of mandamus is appropriate under the circumstances. *See Ward v. Knoblock*, 738 F.2d 134, 139 (6th Cir. 1984).

## CONCLUSION

For these reasons, petitioner's petition for writ of mandamus, ECF No. 66, is DENIED and this proceeding is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 22nd day of September, 2015.

                                            **Michael J. McShane**
                                         **United States District Judge**